**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-CR-211-JFH-2** |
| **TOMMY MCCARY,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court are three motions filed by Defendant Tommy McCary—a Motion to Sever Trial [Dkt. No. 212], a Motion for Extended Voir Dire [Dkt. No. 220], and a Motion in Limine [Dkt. No. 221]. The United States of America ("Government") opposes all of these Motions. Dkt. Nos. 232-234. For the following reasons, his Motion to Sever is DENIED, his Motion for Extended Voir Dire is DENIED, and his Motion in Limine is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On October 15, 2025, a federal grand jury indicted McCary and thirteen other codefendants with drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Dkt. No. 2. The Court declared this case complex approximately one month later. Dkt. No. 201. Since that time, several of those defendants pled guilty, and several others have not been arraigned. So, as of the date of this order, six defendants—including McCary—have their joint trial set for June 1, 2026. Dkt. No. 296.

**AUTHORITY AND ANALYSIS**

I.    **MCCARY'S MOTION TO SEVER TRIAL [Dkt. No. 212]**

McCary moved to sever his trial from his remaining codefendants. Dkt. No. 212. But in doing so, he fails to show that a severance is warranted. Accordingly, the Court will deny his motion without prejudice for the reasons provided below.

The Federal Rules of Criminal Procedure allow an indictment to "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "As a general rule, persons indicted together are tried jointly." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996). "Joint trials of defendants who are indicted together are preferable because '[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Hall*, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

However, Federal Rule of Criminal Procedure 14 allows "relief from prejudicial joinder." Indeed, this Rule provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). But severance is a matter of discretion, not of right. *See United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "[B]ecause severance is a matter of discretion, a defendant bears the heavy burden of showing real prejudice." *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009) (internal quotations omitted).

Accordingly, a defendant must satisfy a three-step test to sever his trial. *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007). First, he must show that "the defenses presented are

so antagonistic that they are mutually exclusive." *Id.* Second, "because mutually antagonistic defenses are not prejudicial per se, a defendant must further show a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* Finally, and only if the previous two steps are met, a court "exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id.* (internal quotations and citations omitted).

McCary fails at step one. To satisfy this step, a defendant must show that "the conflict between codefendants' defenses is such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Pursley*, 474 F.3d at 765 (quoting *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994)). "In other words, defendants must show that 'the acceptance of one party's defense would tend to preclude the acquittal of the other, or that the guilt of one defendant tends to establish the innocence of the other.' " *Id.* (quoting *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989)). But McCary fails to identify any antagonistic defenses between himself or any other codefendants. Nor does he identify why these unarticulated antagonistic defenses are so at odds that the jury must necessarily disbelieve one if it believes the other. Because McCary fails to satisfy this first step, his Motion to Sever must be DENIED.

However, the Court recognizes discovery was still ongoing when Defendant filed his Motion. At that time, Government had also not yet proffered a list of co-conspirator statements it intended to use against McCary. Multiple defendants have also pled guilty. Given these updates in the case, the Court denies the Motion to Sever without prejudice. To the extent that counsel believes a severance is warranted based on any new material provided by the Government, she may re-urge a motion to sever – but must do so by May 6, 2026.

## II.    MCCARY'S MOTION FOR EXTENDED VOIR DIRE [Dkt. No. 220]

McCary also moved for extended voir dire at trial "to ensure that Defendant's sensitive and serious offense is properly inquired upon to ensure Defendant's constitutional rights are protected and an impartial jury is empaneled."  Dkt. No. 220.  According to him, he needs more time to probe the impartiality of the jurors on issues such as drug and alcohol use, Mexican cartels, racial bias, credibility of law enforcement, experience as crime victims, and prior jury service.  *Id.* at 3.  The Government opposes the Motion, but only because McCary did not request a specific amount of time to extend voir dire.  Dkt. No. 233.  If the Court grants McCary's Motion, the Government requests it be allowed the same amount of time to conduct its own voir dire.  *Id.*

At this stage of the case, the Court is unable to determine the appropriate amount of time for attorney-conducted voir dire.  Indeed, the Court has given leave for McCary to file another motion to sever, and his other codefendants may also move to sever or plead guilty.  As such, the number of defendants who will go to trial on June 1 is still in flux.  Therefore, the Court will DENY McCary's Motion as premature.

Instead, the Court will discuss attorney-conducted voir dire with all Defendants and their counsel at their next pretrial conference.  Counsel should be prepared to discuss the need for extended voir-dire and the specific amount of time needed to conduct that voir-dire.  However, counsel should provide the Court with more information than she has done so far.  And if it is truly believed that more time for voir dire is needed, the Court notes that the submission of detail proposed voir dire questions would aid the Court in consideration of this issue.

## III.    MCCARY'S MOTION IN LIMINE [Dkt. No. 221]

Finally, the Government also plans to introduce a phone call recording between Defendant Grist and another male who the Government alleges is McCary.  In that phone call, the two discuss

narcotics and the other male's recent rape allegations. Thus, McCary seeks to prevent the Government from (1) attributing the phone call to McCary and (2) introducing portions of the call containing the rape discussions. Dkt. No. 221.

For this first argument, McCary contends "[t]here is no evidence to show that any of the numbers are owned or controlled by [Defendant]." *Id.* at 2. However, this argument goes to the foundation of the evidence, which the Court cannot determine until trial. It also goes to the weight of the evidence, which is a question for the jury. Thus, at this time, the Court will not prohibit the Government from attributing the phone call to McCary. Instead, McCary may reraise his foundation objection at the appropriate time during trial.

McCary's second argument is more persuasive. McCary is charged with drug conspiracy, not rape. And, the Government does not articulate why these rape discussions make a material fact in this case more or less probable. *See* Fed. R. Evid. 401. Furthermore, due to the emotional and highly inflammatory nature of discussions of rape, these statements substantially outweigh any vague relevance they may have. So, based on the Court's review of the audio recording, subject to proper foundation, the Court would only admit the discussion of narcotics between [00:00:40] and [00:02:00] and the discussion of narcotics from [00:03:29] to the end of the recording. All other portions of the recording that reference an alleged rape will be excluded.

## CONCLUSION

IT IS THEREFORE ORDERED that McCary's Motion to Sever [Dkt. No. 212] is DENIED, his Motion for Extended Voir Dire [Dkt. No. 220] is DENIED, and his Motion in Limine [Dkt. No. 221] is GRANTED IN PART and DENIED IN PART.

Dated this 27th day of April, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE